FILED

AUG 20 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13-30066-DRH |
| vs. | ) | |
| | ) | |
| THOMAS LEE STANTON, | ) | |
| | ) | |
| Defendant. | ) | |

## AGREEMENT TO AN "OPEN" PLEA

The attorney for the United States of America and the attorney for the Defendant have engaged in discussions and have reached an agreement for an "open" plea pursuant to Federal Rule of Criminal Procedure 11.

### I.

1. By pleading guilty, the Defendant fully understands that the Defendant is waiving the following rights: (a) the right to plead not guilty to the charges; (b) the right to be tried by a jury in a public and speedy trial; (c) the right to file pretrial motions, including motions to suppress or exclude evidence; (d) the right at such trial to a presumption of innocence; (e) the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; (f) the right not to testify; (g) the right not to present any evidence; (h) the right to be protected from compelled self-incrimination; (i) the right at trial to confront and cross-examine adverse witnesses; (j) the right to testify and present evidence; and (k) the right to compel the attendance of witnesses.

2. The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

3. The Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce the Defendant to enter into the Agreement to an "Open" Plea and Stipulation of Facts.

4. The Defendant understands that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. The Defendant further understands that the Plea Agreement does not prohibit the United States, any of its agencies, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the Defendant.

5. The Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. *See* 18 U.S.C. § 3013(a)(2)(A). The Defendant agrees that the full amount of the special assessment will be paid prior to or at the time of sentencing.

6. The Defendant understands that the Court will impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7. The Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration, community

confinement, and supervision, pursuant to the Administrative Office of the United States Courts, are the following: for imprisonment: $2,407.78 per month; for community correction center: $2,180.27 per month; and for supervision by the Probation Office: $286.11 per month. *See* Memorandum of Administrative Office of the United States Courts, re: Costs of Incarceration and Supervision, April 10, 2012. The Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. This cooperation will include signing all releases, as requested. The Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office and the Defendant waives any rights the Defendant may have under the Right to Financial Privacy Act. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

8.  The Defendant understands that the Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), the Defendant will be forbidden by federal firearms laws from possessing any type of firearm in the Defendant's lifetime, unless the Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

9.  The Defendant understands and agrees that if the Defendant commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of the Plea Agreement, the United States is not bound by these provisions and may request that the Court impose on the Defendant any penalty allowable by law, including the

filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the United States pursuant to this paragraph shall be grounds for the Defendant to withdraw the plea of guilty.

10. The Defendant has read the Plea Agreement and has discussed it with defense counsel, understands it, and agrees to be bound by it.

II.

1. The Defendant will enter a plea of guilty to the indictment, which charges violations of the following statutes, which carry the following penalties:

| Count | Charge and Statute | Penalties<br>- imprisonment (nmt)<br>- fine (nmt)<br>- supervised release (nmt)<br>- class of felony<br>- special assessment | Authority |
|---|---|---|---|
| 1 | Possession of Unregistered Destructive Device, 26 U.S.C. § 5861(d) | 10 years<br>$250,000, or both<br>3 years<br>class D felony<br>$100 | 26 U.S.C. § 5871<br>18 U.S.C. § 3571(b)(3)<br>18 U.S.C. § 3583(b)(2)<br>18 U.S.C. § 3559(a)(4)<br>18 U.S.C. § 3013(a)(2)(A) |

2. The United States and the Defendant agree that the following constitute the essential elements of the offenses, and the Defendant admits that the Defendant's conduct violated these essential elements of the offenses:

4

| Count | Charge and Statute | Elements |
|---|---|---|
| 1 | Possession of Unregistered Destructive Device, 26 U.S.C. § 5861(d) | First, that the Defendant knowingly possessed destructive devices that had characteristics which required them to be registered in the National Firearms Registration and Transfer Record, specifically, they were "cricket" bombs which were comprised of $CO_2$ cartridges, fuses and explosive powder, and Molotov cocktails; and<br><br>Second, that the Defendant knew that the destructive devices had those characteristics; and<br><br>Third, that the destructive devices were not registered in the National Firearms Registration and Transfer Record. |

*See* Seventh Circuit Pattern Criminal Jury Instruction, 26 U.S.C. § 5861(d).

3. The United States submits that, under the Sentencing Guidelines and after all factors have been considered, the Defendant will have the following the following computations for sentencing.

| | |
|---|---|
| **Offense Level** | 19 |
| **Criminal History Category** | I |
| **Sentencing Range** | 30-37 months (Zone D) |
| **Fine Range** | $6,000-$60,000 (U.S.S.G. § 5E1.2- Fine Table (for offense level of 19) |
| **Supervised Release** | 3 years |
| **Special Assessment** | $100 |

5

4.  The United States and Defendant agree that these calculations of Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment. The United States and the Defendant reserve the right to address the sentencing factors set forth in 18 U.S.C. § 3553(a). ~~The agreement by the parties to not seek a variance from the Guidelines is not binding upon the Court or the United States Probation Office, and the Court may impose any sentence authorized by law~~. The United States specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the United States). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the criminal history and characteristics of the Defendant.

5.  The Defendant and the United States agree to the following Guideline Offense Level calculations and agree that no other adjustments (*e.g.*, victim, role, obstruction) appear to apply:

| Levels | Guideline | Basis |
|---|---|---|
| 18 | § 2K2.1(a)(5) | Base Offense Level for Charge |
| 2 | § 2K2.1(b)(1)(B) | Offense involved between 3-7 firearms (6 destructive devices) |
| 2 | § 2K2.1(b)(3)(B) | Specific offense characteristic – destructive device |
| -3 | § 3E1.1(b) | acceptance of responsibility |
| 19 | | Total    **Range: 30-37 months, Zone D** |

6. The Defendant and the United States agree that the Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the United States will recommend a reduction of three (3) levels. *See* U.S.S.G. § 3E1.1. A reduction for acceptance of responsibility is dependent on the Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice.

7. The Defendant and the United States submit that it appears that Defendant has amassed zero (0) Criminal History points and that, therefore, the Sentencing Guideline Criminal History Category is I. The Defendant expressly recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties, and any evidence submitted before sentencing. The Defendant recognizes that, regardless of the criminal history found by the Court, the Defendant will not be able to withdraw the plea of guilty.

8. The Defendant understands that the United States will recommend the imposition of a fine. The Defendant understands that the United States' recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

### III.

1. The Defendant further agrees to forfeit to the United States immediately and voluntarily any and all interest he has in any firearm, including, but not limited to, any destructive device or its components and any ammunition.

2. The Defendant agrees to do all things necessary to pass title of any such firearms, destructive devices, and ammunition to the United States. The Defendant agrees that the United States may, in its sole discretion, destroy such firearms, destructive devices, and ammunition.

3. The Defendant waives any right to compensation for any cause of action against the United States or any other person or entity for the seizure, forfeiture, or destruction of any such firearm, destructive device, and ammunition.

### IV.

No matters are in dispute.

STEPHEN R. WIGGINTON
United States Attorney

_Tom Stanton_  
THOMAS LEE STANTON  
Defendant

_[signature]_  
WILLIAM E. COONAN  
Assistant United States Attorney

THOMAS G. GABEL  
Assistant Federal Public Defender  
Attorney for Defendant

Date: 8/20, 2013

Date: 8-20, 2013

8